■ PETER KLEM, Appellant, v. PAVARINI CONSTRUCTION Co., INC., Respondent, et al., Defendants.— In an action to recover damages for personal injury, the plaintiff appeals: (a) from a judgment of the Supreme Court, Kings County, entered May 23, 1963 after trial upon a jury's verdict in his favor against the defendant Pavarini Construction Co., Inc.; and (b) from an order of said court, entered May 14, 1963 upon reconsideration, which adhered to the court's original decision denying plaintiff's motion to set aside the verdict in his favor and for a new trial on the ground that the amount of the verdict was inadequate and on other grounds. Judgment reversed on the law and a new trial granted between plaintiff and defendant Pavarini Construction Co., Inc., as to all issues, with costs to plaintiff to abide the event. No questions of fact have been considered. The action is

severed as against the other two named defendants, New York Telephone Co. and Marshall Construction Co. Appeal from order of May 14, 1963 dismissed, without costs, as academic. Under the circumstances here, the trial court's refusal to permit Dr. Wolff (who had been subpœnaed by the plaintiff) to testify on plaintiff's behalf constituted substantial prejudicial error requiring a new trial (cf. *McDermott* v. *Manhattan Eye Hosp.*, 15 N Y 2d 20). The interests of justice require that such new trial be had with respect to all the issues and not (as plaintiff urges) with respect to the issue of damages only (cf. *Zimmer* v. *Briden*, 20 A D 2d 664). Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.